# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN PRIESTER, JR. and BETTIE PRIESTER | § § § | |
| V. | § § | CASE NO. 4:10CV641 Judge Schneider/Judge Mazzant |
| | § | |
| LONG BEACH MORTGAGE COMPANY JPMORGAN CHASE BANK, N.A. and JPMORGAN CHASE & CO. | § § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On October 13, 2011, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint for Declaratory Relief and Brief in Support (Dkt. #33) should be granted.

Plaintiffs sued Defendants for declaratory judgment, defamation, forfeiture of principal and interest, exemplary damages, and attorney's fees in the 380th Judicial District Court of Collin County, Texas. On November 19, 2010, Defendants removed this case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that removal was proper based upon diversity of citizenship. On November 23, 2010, the Court entered its Order and Advisory that the parties should file amended pleadings as necessary to comply with the Federal Rules of Civil Procedure. On December 23, 2010, Plaintiffs filed an Amended Complaint (Dkt. #8). On January 29, 2011, Plaintiffs filed their Second Amended Complaint for Declaratory Relief (Dkt. #13) adding additional, non-diverse Defendants, without permission. On January 31, 2011, Plaintiffs filed a Motion to Remand (Dkt. #14). Plaintiffs

also filed a motion for leave to file the amended complaint (Dkt. #15). The case was stayed for a period of time based upon the agreement of the parties. On June 13, 2011, the Magistrate Judge entered an Order on Closing Documents and denied all pending motions as moot subject to refiling (Dkt. #24). On August 16, 2011, after receiving status reports from the parties, the Magistrate Judge ordered that "any motions deemed moot as a result of the Court's entry of its Order on Closing Documents may be refiled within fourteen (14) days" (Dkt. #31).

On August 17, 2011, Defendants refiled their Motion to Dismiss Plaintiffs' Amended Complaint for Declaratory Relief (Dkt. #33). On October 13, 2011, the Magistrate Judge issued a report and recommendation that the case be dismissed with prejudice (Dkt. #36). On October 18, 2011, Defendants filed an objection to a footnote in the opinion (Dkt. #37). On October 27, 2011, without seeking leave of Court, Plaintiffs filed their Third Amended Complaint (Dkt. #38). Plaintiffs also filed their Second Motion to Remand (Dkt. #39) and objections to the report and recommendation (Dkt. #40). On November 3, 2011, Defendants filed a Motion to Strike Plaintiffs' Third Amended Complaint (Dkt. #42). Each side filed responses to the various motions.

Plaintiffs' objections relate to the alleged failure of the Magistrate Judge to acknowledge that Plaintiffs filed the Second Amended Complaint for Declaratory Relief prior to the filing of the motion to dismiss. Plaintiffs' argument is misplaced. The only live pleading properly before the Court is the Amended Complaint filed on December 23, 2010 (Dkt. #8). Although Plaintiffs were allowed to amend their complaint, Plaintiffs needed approval to add parties that would destroy the jurisdiction of this Court.

"A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)." *Short v. Ford Motor Co.*, 21 F.3d 1107, No. 93-8626,

1994 WL 171416, at *5 (5th Cir. Apr. 19, 1994). 28 U.S.C. § 1447(e) provides as follows: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "'[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.'" *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex.1996) (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure: Civil, § 1447 at 562 (2d ed. 1990)). "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong equities in its favor." *Id.* (citing e.g, *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987)).

In deciding whether to allow a post-removal joinder, the Court should examine the facts set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). In *Hensgens*, the Fifth Circuit stated that in balancing the original defendant's interest in maintaining the federal forum against the competing interest in avoiding multiple and parallel litigation, the Court should consider the following: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* at 1182; *In re Norplant Contraceptive Products Liab. Litig.*, 898 F. Supp. 429, 431 (E.D. Tex. 1995). The balancing of these interests does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Hensgens*, 833 F.2d at 1182.

The first *Hensgens* factor-whether Plaintiffs' primary purpose in seeking to amend is to defeat diversity jurisdiction-weighs in favor of denying the motion. "When courts analyze the first *Hensgens* factor, they consider 'whether the plaintiffs knew or should have known the identity of the

3

non-diverse defendant when the state court complaint was filed.'" *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) (citation omitted); *see Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *3 (S.D. Tex. Jan.5, 2004). It appears to the Court that Plaintiffs are adding these parties simply to defeat the Court's jurisdiction. Plaintiffs should have known of the existence of these additional Defendants at the time the state court petition was filed.

The second *Hensgens* factor is whether the plaintiff was dilatory in seeking leave to amend. Although courts generally find that a plaintiff "is not dilatory in seeking to amend a complaint 'when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred,'" the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction. *Smith v. Robin Am., Inc.*, No. 08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009). In such a circumstance, "[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." *See Irigoyen*, 2004 WL 398553, at *4; *Phillips v. Delta Airlines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001). In this case, no pretrial or trial dates have been scheduled and no significant activity beyond the pleadings has occurred. However, the first motion to amend was filed more than two months after removal. This second factor weighs slightly in favor of finding that Plaintiffs were dilatory in filing the motion for leave to amend.

In considering the third *Hensgens* factor-whether the Plaintiffs would be prejudiced by denying leave to amend-courts consider whether the already-named diverse defendant would be unable to satisfy a future judgment. *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994). Some courts analyze whether the possibility of a separate state court

4

proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings, or because such proceedings would place a financial burden on the plaintiffs. *See Bienaime v. Kitzman*, Nos. 00-0284, 00-0473, 2000 WL 381932, at *5 (E.D. La. Apr. 12, 2000); *Schindler v. Charles Schwab & Co.*, No. 05-0082, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005). There is no indication that Defendants would be unable to satisfy a judgment. Moreover, since the Court is recommending dismissal of the current Defendants, Plaintiffs can proceed against the other Defendants without concern about a parallel proceeding. The third *Hensgens* factor weighs in favor of not allowing Plaintiffs to proceed on the amended pleadings.

The final *Hensgens* factor requires this Court to analyze other equitable factors. Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum, and whether denying leave to amend would result in parallel state court proceedings, these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant. Those factors have already been analyzed in considering the first three *Hensgens* factors. Because neither party points to additional equitable factors beyond these considerations, the fourth *Hensgens* factor is neutral.

Considering the *Hensgens* factors, this Court concludes that the proposed amendment was primarily for the purpose of defeating federal jurisdiction; Plaintiffs were slightly dilatory in naming the non-diverse Defendants; Plaintiffs will not be prejudiced by denying the amendment; and neither party has presented additional equitable considerations. Therefore, the Court finds that leave should not be granted to add the non-diverse Defendants, and the Court strikes Plaintiffs' Second Amended Complaint for Declaratory Relief and Third Amended Complaint for Declaratory Relief.

The Court, having made a *de novo* review of both Plaintiffs' and Defendants' objections,

is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Defendants Long Beach Mortgage Company, JPMorgan Chase Bank, N.A., and JP Morgan Chase & Co.'s Motion to Dismiss Plaintiffs' Amended Complaint for Declaratory Relief and Brief in Support (Dkt. #33) is **GRANTED** and this case is **DISMISSED** with prejudice.

**It is SO ORDERED.**

**SIGNED this 8th day of December, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE