# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN PRIESTER, JR. and<br>BETTIE PRIESTER,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:10-cv-641-ALM-KPJ |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On November 30, 2017, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations (s*ee* Dkt. #73) that Plaintiffs John Priester, Jr. and Bettie Priester's ("Plaintiffs") Opposed Motion for Relief from Judgment (the "Motion") (Dkt. #63) be denied.

Plaintiffs filed objections to the report (Dkt. #74), and Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Select Portfolio Servicing, Inc. ("SPS") (collectively "Defendants") filed a response (Dkt. #75). The Court has made a *de novo* review of the objections raised by Plaintiffs and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

Plaintiffs own the real property located at 1406 Oakwood Drive, Allen, Texas, 75013 (the "Property"). In November 2005, Plaintiffs obtained from Long Beach Mortgage Company[1] a Home Equity Loan (the "Loan") encumbering the Property in the amount of $180,000.00. *See* Dkt. #8. Defendant Deutsche Bank asserts it is the beneficiary of the Security Instrument and Defendant SPS is the current mortgage servicer. *See* Dkt. #68.

Plaintiffs filed suit in October 2010, seeking declaratory judgment and asserting claims for defamation, forfeiture of principal and interest, exemplary damages, and attorney's fees. *See* Dkt. #8. The case was dismissed with prejudice on December 8, 2011. *See* Dkt. #51. Plaintiffs appealed, and the Fifth Circuit affirmed the Court's ruling. *See Priester v. JPMorgan Chase, N.A.*, 708 F.3d 667 (2013), *cert. denied*, 134 S.Ct. 196 (2013). The Court's judgment thus became final.

On August 24, 2017, Plaintiffs filed the present Motion, arguing they are entitled to relief from judgment based on the Texas Supreme Court's ruling in in *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016).[2] *See* Dkt. #63. The Magistrate Judge concluded that Plaintiffs' failure to file their motion for relief from the final judgment for more than a year after the *Wood* decision issued was not reasonable under the circumstances, and thus, recommended the Motion be denied. *See* Dkt. #73.

---

[1] Long Beach Mortgage merged into Washington Mutual Bank, which was then acquired by JP Morgan Chase Bank, N.A. JP Morgan Chase Bank transferred the deed of trust to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, which subsequently filed an assignment placing the lien in the name of Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, Asset Backed Certificates, Series 2006-1. *See Priester, Jr. et al v. Long Beach Mortgage Company et al.*, Case No. 4:16-cv-00449-ALM-KPJ, Dkt. 143 at 5-6.

[2] The Texas Supreme Court decided a companion case the same day. *See Garofolo v. Ocwen Loan Servicing, LLC*, 497 S.W.3d 474, 477 (Tex. 2016). *Wood* and *Garafolo* examine and construe different subsections of Section 50 of the Texas Constitution.

## II. DISCUSSION

### A. TIMELINESS OF PLAINTIFFS' MOTION

Plaintiffs incorrectly assert that the Magistrate Judge applied the wrong time frame for consideration of Plaintiffs' Rule 60(b)(6) Motion for Relief from Judgment. See Dkt. #74 at 1-2. The Report clearly states that Rule 60(b)(6) motions must be brought "within a reasonable time," and goes on to find, "Plaintiffs' failure to file their motion for relief from the final judgment for more than a year after the Wood decision was issued is not reasonable under the circumstances." *See* Dkt. #73) at 4. Thus, contrary to Plaintiffs' assertion, the Magistrate Judge did not find that Plaintiffs' Motion was untimely because they failed to bring their Rule 60 Motion within a year of Judgment; rather, she found that given the fact that Plaintiffs were aware of the *Wood* decision as early as August 2016, it was unreasonable for them to wait for more than a year to file their Rule 60 Motion. *Id.* Plaintiffs' disagreement with the rationale used in applying the reasonableness standard is insufficient to warrant a departure from the Magistrate Judge's finding. The Court thus finds no error, and Plaintiffs' objection is **OVERRULED**.

### B. CHANGE IN DECISIONAL LAW

Plaintiffs next object that the Report fails to recognize that the change in decisional law in *Wood* necessitates relief from the final judgment in this case. *See* Dkt. #74 at 3. In *Wood*, the Texas Supreme Court held that no statute of limitations applies to an action to quiet title on a constitutionally invalid home equity lien. *See Wood*, 505 S.W.3d at 547. The Fifth Circuit recently analyzed *Wood* and *Garafolo* in *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, (5th Cir. 2017), observing that the two cases examine and construe different subsections of

3

Section 50 of the Texas Constitution, and applying *Wood* to determine the statute of limitations in a breach of contract case. *Id*. at 602.

Accepting as true Plaintiffs' uncontested argument that *Wood* reflects a change in decisional law regarding the statute of limitations on claims arising from an alleged void lien (*see* Dkts. 63 and 68), the Magistrate Judge concluded that relief under Rule 60(b) is not appropriate here. *See* Dkt. 73 at 5. Citing a number of Fifth Circuit cases, the Magistrate Judge provided ample support for her finding that a change in state decisional law subsequent to a final judgment does not necessarily warrant relief from the judgment. *Id*. Plaintiffs' mere disagreement with this conclusion does not constitute error. Accordingly, the Court finds the Magistrate Judge did not err, and this objection is likewise **OVERRULED**.

## C. RULE 60(B) STANDARD

Finally, Plaintiffs object to the Magistrate Judge's conclusion that Plaintiffs' reliance on *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 602 (5th Cir. 2017), was misplaced because *Alexander* involved a motion for a new trial under Rule 59–not Rule 60. *See* Dkt. #74 at 4. Despite Plaintiffs' assertion that there is no significant difference between Rule 59(e) and Rule 60(b), Fifth Circuit jurisprudence indicates otherwise. *See, e.g., Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (stating that a Rule 59(e) motion is subject to more stringent time limitations, while a Rule 60(b) motion is controlled by more exacting substantive requirements).

As the Magistrate Judge explained, "*Alexander* is [ ] inapplicable to the present case because the ruling in *Alexander* was not a final judgment [and] was still subject to reconsideration and appeal." *See* Dkt. #73 at 5. Plaintiffs argue that *Ocwen Loan Servicing,*

*L.L.C. v. Berry*, 852 F.3d 469, 472 (5th Cir. 2017), provides "fundamental support" for their position because it relied on both Rule 59 and 60. *See* Dkt. #74. However, the Magistrate Judge cited several Fifth Circuit cases holding that a change in state law is not a basis for relief under Rule 60. *Id*. (citing *Batts v. Tow-Motor Forklift Company*, 66 F.3d 743 (5th Cir. 1995); *U.S. ex rel. Garibaldi v. Orleans Parish School Bd.*, 397 F.3d 334 (5th Cir. 2005); *Hernandez v. Thaler*, 630 F.3d 420, 428-429 (5th Cir. 2011). Accordingly, Plaintiffs' objection is without merit, and this objection is **OVERRULED**.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' Motion for Relief from Judgment (Dkt. #63) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 11th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE